IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Terry Maness, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:05-783-HMH-BHH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jon Ozmint, Director, | ) | |
| South Carolina Department of Corrections, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b)(1) (West Supp. 2005) and Local Rule 73.02 DSC.[1] Terry Maness ("Maness"), a former South Carolina state prisoner proceeding pro se, alleges various violations to his civil rights under 42 U.S.C. § 1983. In her Report and Recommendation, Magistrate Judge Hendricks recommends granting Jon Ozmint's ("Ozmint") motion for summary judgment and denying Maness's motion for summary judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In his complaint filed March 4, 2005, Maness alleges that Ozmint violated his constitutional rights by deducting a portion of his inmate wages for payment of a room and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

board fee and a victim's assistance fee. (Compl. ¶¶ 1-2.) The room and board and victim's assistance fees were debited from his "P.I. Private Sector Account" ("private sector account"). (Def.'s Mem. Supp. Summ. J. Ex. C (Private Sector Account print-out).) Further, Maness alleges that his constitutional rights were violated because Ozmint charged Maness a medical fee. (Compl. ¶ 3.) The medical fee was deducted from his Cooper Trust Fund Account ("trust fund account"). (Def.'s Mem. Supp. Summ. J. Ex. B (Trust Fund Account print-out).) On June 27, 2005, Maness moved for summary judgment on his claims. On July 29, 2005, Ozmint moved for summary judgment on numerous grounds.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

### B. The Report and Recommendation

Magistrate Judge Hendricks recommended that the court deny Ozmint summary judgment on his argument that the statute of limitations barred Maness's claims regarding the room and board and victim's assistance fees because the statute of limitations was tolled while Maness was exhausting his administrative remedies. (Report and Recommendation 4.) Magistrate Judge Hendricks recommended that the court grant Ozmint's motion for summary judgment on the grounds that debiting Maness's wages for room and board and victim's assistance did not violate his due process rights because the fees were debited pursuant to South Carolina Code of Laws section 24-3-40(A) for a legitimate purpose. (Id. 7.) Further, the fees were a ministerial matter with no discretion regarding the amount debited. (Id.)

With respect to Maness's claim that debiting his trust fund account for medical co-payments violated his due process rights, Magistrate Judge Hendricks recommended that the court grant Ozmint summary judgment on this ground because the co-payment, required pursuant to South Carolina Department of Corrections ("SCDC") Policy No. HS-18.17, was a purely ministerial matter. (Id. 7-8.) In addition, Magistrate Judge Hendricks recommended that the court grant Ozmint summary judgment on Maness's claim that the debiting of the room and board fee, victim's assistance fee, and medical co-payment violated the Ex Post Facto Clause and the Bill of Attainder Clause of the United States Constitution because the fees are not punishment. (Id. 8-10.) Further, Magistrate Judge Hendricks recommended that the court find that Ozmint is entitled to qualified immunity and Eleventh Amendment immunity in his official capacity. (Report and Recommendation 10-11.) Finally, Magistrate Judge Hendricks recommended that if any of Maness's claims are construed as state claims,

3

then the court should decline to exercise supplemental jurisdiction on Maness's state claims. (Id. 12.)

### C. Objections

Maness and Ozmint filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

1. Maness's Objections

Upon review, the court finds that many of Maness's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, Maness specifically objects to the Magistrate Judge's conclusion that Ozmint did not violate Maness's due process rights under the United States Constitution by debiting a room and board fee and a victim's assistance fee from Maness's private sector account, and by debiting a medical co-payment from Maness's trust fund account.

First, Maness alleges that article XII, section II of the South Carolina Constitution requires Ozmint to "provide places of confinement i.e. room and board, for [Maness] while within the custody of the Defendant." (Maness's Objections 6.) Maness was provided room

and board while he was a prisoner. In addition, as set forth below, debiting a room and board fee from Maness's wages did not violate Maness's due process rights.

Section 24-3-40(A)(3) of the South Carolina Code of Laws provides in pertinent part that if a prisoner has "no child support obligations, then twenty-five percent [of the prisoner's wages] must be used by the Department of Corrections to defray the cost of the prisoner's room and board." Between July and November 1999, Maness's private sector account was debited for room and board in an amount based on his wages. (Def.'s Mem. Supp. Summ. J. Ex. C (Private Sector Account print-out).)

In Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 252, 254 (4th Cir. 2005), the Fourth Circuit found that the deduction of one dollar a day from a pre-trial detainee's account for housing did not violate the due process clause and did not require a pre-deprivation hearing. With respect to Slade's substantive due process claim, the court found that the room and board fee

> has a rational relationship to [a] legitimate government interest, and it is not excessive in relation to that purpose. Rather, it is an effort to offset the cost of housing pretrial detainees, as well as convicted prisoners, by requiring such individuals to aid in the cost of their housing. A charge of one dollar per day is not excessive for that goal.

Id. at 252; see also Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 422 n.13 (3d Cir. 2000) (finding that substantive due process was satisfied because authorization for collecting room and board fee was granted by county prison board and used by county to finance prison). With respect to Slade's procedural due process claim, the court noted that to "require pre-deprivation proceedings for what are essentially ministerial matters would significantly increase transaction costs and essentially frustrate an important purpose of the

5

program, which is to reduce the . . . costs of incarcerating prisoners." Slade, 407 F.2d at 254; Tillman, 221 F.3d at 422 (finding no procedural due process violation where deduction of ten dollars per day for room and board involved "routine matters of accounting, with a low risk of error"). As such, "procedural due process [does not] require[] a pre-deprivation hearing before the charge is deducted from a prisoner's account." Slade, 407 F.2d at 254.

Likewise, in the case at bar, the court finds that the amount deducted for room and board was not excessive in relation to South Carolina's legitimate goal of lowering the cost of housing prisoners. In addition, the amount deducted for room and board was a ministerial matter and afforded no discretion to Ozmint because section 24-3-40(A)(3) provides that twenty-five percent of a prisoner's wages must be deducted if the prisoner has no child support obligations. Therefore, Maness's objection that the deduction of a room and board fee due violated his due process rights is without merit.

Second, Maness objects to the Magistrate Judge's recommendation that the victim's assistance fee debited from his wages did not violate his due process rights. Maness argues that the court must order the payment of a victim's assistance fee pursuant to section "12-3-1260 [sic]" of the South Carolina Code of Laws, and the court has not ordered Maness to pay victim's assistance. (Maness's Objections 8-9.) South Carolina Code of Laws section 16-3-1260(1) provides that "[a] payment of benefits to, or on behalf of, a victim or intervenor, or eligible family member under this article creates a debt due and owing to the State by a person as determined by a court of competent jurisdiction of this State, who has committed the criminal act." In addition, section 24-3-40(A)(2) provides that "[i]f restitution to a particular victim or victims has not been ordered by the court, or if court-ordered restitution to a

6

particular victim or victims has been satisfied," then twenty percent of the prisoner's wages must be deducted to support victim's assistance programs.

Maness is correct that the court must order restitution to a particular victim. However, if the court declines to order payment to a particular victim or if payment to a particular victim has been fully satisfied, then twenty percent of the prisoner's wages must be deducted for victim's assistance programs. There is no conflict between these two statutes. As such, this argument is without merit. Further, as set forth above, Maness's due process argument with respect to the victim's assistance fee fails because the amount deducted from Maness's wages in his private sector account was not excessive, and the deduction was a ministerial matter with little room for error. See, e.g., Slade, 407 F.2d at 253-54.

Finally, Maness objects to the Magistrate Judge's conclusion that deducting his trust fund account for medical co-payments did not violate his due process rights. Maness argues that the medical co-payment violated his due process rights because the South Carolina Constitution requires that health care be provided to inmates. (Maness's Objections 9-10.) The medical co-payment fee is required pursuant to South Carolina Department of Corrections ("SCDC") Policy No. HS-18.17 (2004). Maness's trust fund account was debited a two dollar medical co-payment nine times over a two-year period for a total of eighteen (18) dollars. (Def.'s Mem. Supp. Summ. J. Ex. B (Trust Fund Account print-out).) According to the policy, during orientation, prisoners are notified of the medical co-payment policy, and notice of the policy is posted in each SCDC facility. See SCDC Policy No. HS-18.17 Section 1.2.

In <u>Johnson v. Department of Public Safety and Correctional Services</u>, the United States District Court for the District of Maryland held that a medical co-payment requirement did not violate an inmate's due process rights because the inmate was aware of the policy and the inmate sought out medical treatment on his own initiative. 885 F. Supp. 817, 821-22 (D. Md. 1995). As in <u>Johnson</u>, the SCDC medical co-payment only applies to inmates who initiate visits to obtain medical treatment, and the inmates are notified of the medical co-payment fee during orientation or by notice of the fee posted in each SCDC facility. <u>See</u> SCDC Policy No. HS-18.17 Section 2.1. Further, there is no evidence that Maness was not aware of the policy. Based on the foregoing, the court finds that the medical co-payment fees charged to Maness did not violate his due process rights.

2. Ozmint's Objections

Ozmint objects to the Magistrate Judge's recommendation that Maness's claims regarding the room and board and victim's assistance fee are not time-barred under the applicable statute of limitations set forth in South Carolina Code of Laws section 15-3-530(5). <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 275-76 (1985) (finding that statute of limitations for a § 1983 claim is the state law statute of limitations for personal injury). However, as set forth above, Maness's objections to the Magistrate Judge's recommendation to grant Ozmint's motion for summary judgment are without merit. As such, having determined that Maness's claims fail on the merits, the court need not address Ozmint's statute of limitations objection. Based on the foregoing, after a thorough review of the Magistrate Judge's Report and the

record in this case, the court adopts Magistrate Judge Hendricks' Report and Recommendation in part.[2]

Therefore, it is

**ORDERED** that Ozmint's motion for summary judgment, document number 15, is granted. It is further

**ORDERED** that Maness's motion for summary judgment, document number 12, is denied.

**IT IS SO ORDERED**.

                                                       s/Henry M. Herlong, Jr.
                                                      United States District Judge

Greenville, South Carolina
March 14, 2006

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] The court declines to adopt the Magistrate Judge's recommendation that the court find that Maness's claims regarding the room and board and victim's assistance fees are not time barred under section 15-3-530(5).

9